Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MARY ANN BRUNO, Plaintiff,<br><br>v.<br><br>IAN KNIGHT, individually; STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF AGRICULTURE; and DOES I–X, Defendants. | Case No.: 3:26-cv-707<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Mary Ann Bruno, by and through her attorneys, and alleges as follows:

## INTRODUCTION

1. This is an action for damages arising from the second arrest and prosecution of Mary Ann Bruno, a 75-year-old retired woman, on a charge that the State of Nevada had already reviewed, declined to file, and resolved through a negotiated plea. Defendant Ian Knight, the investigating officer, procured a warrant for her arrest by presenting a declaration to the Reno Justice Court that concealed the entire prior history of the case, including his own prior arrest of Ms. Bruno for the same conduct and the resolution of the resulting prosecution. As a result, Ms. Bruno was arrested at a traffic stop, jailed, required to post $5,000 cash bail, placed under pretrial supervision for seven months, and prosecuted until the Reno Justice Court dismissed the case with prejudice as a violation of the Double Jeopardy Clause.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the state law claims pursuant to the waiver of sovereign immunity in NRS 41.031(1), and over the claim arising under 42 U.S.C. § 1983 pursuant to its general jurisdiction, the courts of this State having concurrent jurisdiction over such claims.

3. Venue is proper in Washoe County pursuant to NRS 41.031(2) because the cause of action, or a substantial part thereof, arose in Washoe County.

## PARTIES

4. Plaintiff Mary Ann Bruno is a resident of Washoe County, Nevada. She was born on November 12, 1949, and was 75 years old at all times relevant to this Complaint.

5. Defendant Ian Knight was at all relevant times a duly authorized and sworn peace officer employed by the Nevada Department of Agriculture, assigned to livestock

enforcement, a public officer and employee of the State of Nevada within the meaning of NRS 41.0307, acting under color of state law and within the course and scope of his public duties and employment. He is sued in his individual capacity.

6. Defendant State of Nevada, on relation of the Nevada Department of Agriculture, is named as a party defendant pursuant to NRS 41.031(2) and NRS 41.0337, the Nevada Department of Agriculture being the agency of the State whose officer's actions are the basis for this suit. The State of Nevada has waived its immunity from liability and action pursuant to NRS 41.031(1) and has consented to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons.

7. The true names and capacities of Defendants DOES I–X are unknown to Plaintiff, who will seek leave to amend when they are ascertained.

## GENERAL ALLEGATIONS

8. On February 26, 2025, Defendant Knight observed Ms. Bruno feeding a group of feral horses near Western Skies Drive in Washoe County. Defendant Knight pursued Ms. Bruno's vehicle, arrested her, and caused her to be booked into the Washoe County Detention Facility on two charges arising from the incident: unlawfully feeding feral or estray livestock, and failing to stop on the signal of a peace officer. She was released the following day without bail.

9. Defendant Knight submitted his investigation to the Washoe County District Attorney's Office. The office reviewed the submission and made a charging decision: it declined to file the feeding charge, and on March 10, 2025 it commenced State of Nevada v. Mary Ann Bruno, Reno Justice Court Case No. RCR2025-130321, charging Ms. Bruno with a single misdemeanor count of failing to stop on the signal of a peace officer.

10. On April 7, 2025, pursuant to negotiations with the State, Ms. Bruno, appearing without counsel, entered a plea of no contest to the single charged count in Case No. RCR2025-130321, was sentenced to a fine plus assessments, and paid in full the same day. The State made no reservation on the record of any right to prosecute any other offense arising from the February 26, 2025 incident. Case No. RCR2025-130321 was thereby fully and finally resolved.

11. Ms. Bruno's date of birth appeared on the face of the arrest and booking records Defendant Knight prepared and reviewed, and Defendant Knight knew at all relevant times that she was 75 years old. Her criminal history consisted of decades-old minor traffic infractions. She had appeared at every court setting, complied with all conditions of supervision imposed in Case No. RCR2025-130321, and resided at a known address.

12. Following the resolution of Case No. RCR2025-130321, Defendant Knight contacted the District Attorney's Office regarding the feeding charge the office had declined to file, and submitted a request that an arrest warrant issue against Ms. Bruno on that charge. Defendant Knight thereafter repeatedly contacted the assigned prosecutor to check the status of his warrant request.

13. In support of his warrant request, Defendant Knight executed a Declaration in Support of Criminal Complaint and Warrant of Arrest on June 30, 2025, filed July 1, 2025, in what became State of Nevada v. Mary Ann Bruno, Reno Justice Court Case No. RCR2025-131604. In that declaration, made under penalty of perjury, Defendant Knight recited only that he had observed Ms. Bruno feeding feral horses on February 26, 2025, that he was familiar with her and her vehicle from prior contacts, and that he had issued her a written warning on January 4, 2024.

14. Defendant Knight's declaration deliberately or recklessly omitted material facts known personally to him, including: that he had arrested Ms. Bruno for the very conduct described in the declaration on the day it occurred; that she had been booked into jail on the very charge for which he sought the warrant; that the District Attorney's Office had reviewed his investigation and declined to file that charge; and that the prosecution arising from the incident had been resolved by plea and payment of a fine in Case No. RCR2025-130321. The declaration instead presented the February 26, 2025 incident to the magistrate as though it were an uncharged and unresolved event, while affirmatively invoking Defendant Knight's familiarity with Ms. Bruno from "prior contacts."

15. Had Defendant Knight's declaration been corrected and supplemented with the omitted facts, no substantial basis would have existed for the issuance of any warrant of arrest, and no magistrate would have issued one.

16. In reliance on Defendant Knight's declaration, a criminal complaint was filed in Case No. RCR2025-131604 charging the feeding offense as a gross misdemeanor, and on July 2, 2025 the Reno Justice Court issued a warrant for Ms. Bruno's arrest, authorized for service day or night, with bail set at $5,000, notwithstanding that Ms. Bruno was a compliant 75-year-old defendant with a known address.

17. On September 1, 2025, the Labor Day holiday, Ms. Bruno was stopped for a minor traffic matter in Lyon County, arrested on the warrant Defendant Knight had procured, and jailed in Yerington. She was released only after her husband posted $5,000 cash bail and paid $291 in fees. She was thereafter placed under the supervision of the Department of Alternative Sentencing, with required check-ins, and was required to appear at multiple

settings in Case No. RCR2025-131604 over the following seven months. She retained private counsel at her own expense.

18. On February 10, 2026, Defendant Knight failed to appear for the preliminary hearing in Case No. RCR2025-131604 despite having been served with two subpoenas, causing further delay and expense. The court denied the State's motion to continue and observed on the record that the State had made a conscious decision not to prosecute the feeding charge and had then obtained an arrest warrant on it after Ms. Bruno's plea.

19. On February 17, 2026, the State amended the complaint in Case No. RCR2025-131604 to a single misdemeanor count of resisting a public officer, premised on the very conduct resolved by the plea in Case No. RCR2025-130321.

20. On April 9, 2026, Case No. RCR2025-131604 proceeded to trial. Defendant Knight was sworn and testified. Jeopardy attached. Upon Ms. Bruno's motion, the Reno Justice Court found that all charges arose from a single transactionally related investigation, that the State had not preserved any right to further prosecution when Case No. RCR2025-130321 was resolved, and the second prosecution violated the Double Jeopardy Clause. The court dismissed the case with prejudice over the State's opposition, exonerated bail, and invited the State to appeal. The State did not appeal.

21. As a direct and proximate result of Defendant Knight's conduct, Ms. Bruno suffered loss of liberty, out-of-pocket losses including bail fees, supervision costs, travel, and attorney's fees, and substantial mental anguish, humiliation, and emotional distress, aggravated by her age and health.

22. State of Nevada is liable for Knight’s tortious conduct pursuant to NRS 41.031(1). In the alternative, and as the trier of fact may determine by special verdict pursuant to NRS 41.0348, Defendant Knight's acts were wanton or malicious.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 — Unreasonable Seizure in Violation of the Fourth and Fourteenth Amendments**

**(Against Defendant Knight, individually, only)**

23. Plaintiff realleges and incorporates the foregoing paragraphs.

24. The Fourth Amendment prohibits the seizure of a person pursuant to legal process unsupported by probable cause. A facially valid warrant does not authorize an officer to procure a seizure he knows is not lawfully available, and probable cause once established is dissipated by later-acquired information negating the basis for arrest, which an officer may not disregard.

25. It was clearly established long before June 30, 2025 that an officer violates the Fourth Amendment when he procures a warrant by judicial deception — by deliberately or recklessly making false statements or omitting material facts from a warrant affidavit or declaration, where the affidavit or declaration, once corrected and supplemented, would not provide a magistrate with a substantial basis for finding probable cause. An officer who engages in such judicial deception is not entitled to qualified immunity.

26. Defendant Knight procured the warrant for Ms. Bruno's arrest by judicial deception, deliberately or recklessly omitting from his declaration of June 30, 2025 the material facts alleged in paragraph 14, each of which was known personally to him. But for

those omissions, the declaration would not have provided a substantial basis for the issuance of the warrant, and the warrant would not have been issued.

27. Defendant Knight thereby caused the September 1, 2025 seizure and detention of Ms. Bruno, and the ensuing conditions of bail and supervision, as the natural consequence of his actions, in violation of her clearly established rights under the Fourth Amendment as applied to the States by the Fourteenth Amendment.

28. As a direct and proximate result, Ms. Bruno suffered the injuries and damages alleged above. Defendant Knight's conduct was reckless and callously indifferent to Ms. Bruno's federally protected rights, warranting punitive damages on this Claim. This Claim is not brought against the State of Nevada, and no relief is sought against the State under this Claim.

**SECOND CLAIM FOR RELIEF**

**Violation of Article 1, Section 18 of the Nevada Constitution**

**(Against Defendant Knight)**

29. Plaintiff realleges and incorporates the foregoing paragraphs.

30. Article 1, Section 18 of the Nevada Constitution guarantees the right of the people to be secure against unreasonable seizure. That provision is self-executing, and a private right of action for retrospective monetary relief exists for its violation. Qualified immunity is not a defense to such a claim.

31. Defendant Knight violated Ms. Bruno's rights under Article 1, Section 18 by procuring her arrest, detention, and the conditions of bail and supervision that followed, by means of a declaration that deliberately or recklessly concealed from the

issuing magistrate that Defendant Knight had already arrested Ms. Bruno for the same conduct, that she had been booked on the same charge, that the District Attorney's Office had reviewed his investigation and declined to file that charge, and that the prosecution arising from the incident had been fully resolved in Case No. RCR2025-130321 — a seizure of a 75-year-old woman on a charge that was not lawfully available, which no showing before the magistrate could render reasonable.

32. As a direct and proximate result, Ms. Bruno suffered the injuries and damages alleged above. This Claim arises directly under the Constitution of the State of Nevada and does not sound in tort; the limitations of NRS 41.035, including its cap on damages and its bar on exemplary damages, do not apply to it, and Plaintiff seeks full compensatory damages and punitive damages on this Claim.

**THIRD CLAIM FOR RELIEF**

**Malicious Prosecution**

**(Against Defendant Knight and Defendant State of Nevada ex rel. Nevada Department of Agriculture)**

33. Plaintiff realleges and incorporates the foregoing paragraphs.

34. Defendant Knight initiated and procured the criminal proceeding in Case No. RCR2025-131604 by his warrant request, his declaration, and his continued involvement, all within the course and scope of his employment.

35. The proceeding was initiated without probable cause. The District Attorney's Office had reviewed Defendant Knight's investigation and declined to file the feeding charge; no evidence supported the second prosecution that had not been in Defendant

Knight's possession before that charging decision; and further prosecution of the February 26, 2025 incident was barred by the resolution of Case No. RCR2025-130321.

36. Defendant Knight acted with malice, as evidenced by his concealment of the prior arrest, charging decision, and resolution from the magistrate; his procurement of a day-or-night arrest warrant with $5,000 bail rather than a summons for a compliant 75-year-old defendant with a known address; his persistent efforts to revive a charge the State had declined; and the timing of his conduct immediately following the resolution of the first case.

37. The proceeding terminated in Ms. Bruno's favor on April 9, 2026, when Case No. RCR2025-131604 was dismissed with prejudice as barred by double jeopardy, over the State's opposition, after jeopardy had attached.

38. As a direct and proximate result, Ms. Bruno suffered the damages alleged above. The State of Nevada is liable for Defendant Knight's conduct pursuant to NRS 41.031(1).

**FOURTH CLAIM FOR RELIEF**

**Abuse of Process**

**(Against Defendant Knight and Defendant State of Nevada ex rel. Nevada Department of Agriculture)**

39. Plaintiff realleges and incorporates the foregoing paragraphs.

40. Defendant Knight used the processes of the Reno Justice Court with an ulterior purpose other than resolving a legal dispute: the charges arising from the February 26, 2025 incident had already been reviewed, charged, and resolved by the State's negotiated disposition in Case No. RCR2025-130321, and Defendant Knight's purpose in

procuring further process was to circumvent the State's charging decision and to punish Ms. Bruno with arrest, incarceration, bail, and supervision beyond the resolution she had lawfully obtained, because he was dissatisfied with that resolution.

41. In furtherance of that ulterior purpose, Defendant Knight committed willful acts in the use of legal process not proper in the regular conduct of the proceeding, including procuring, by a declaration that concealed the prior arrest, charging decision, and resolution, an arrest warrant authorized for day-or-night service with $5,000 bail and supervision conditions, rather than the summons that was the regular course for a compliant defendant with a known address, thereby causing Ms. Bruno's arrest, jailing, and bail expense.

42. As a direct and proximate result, Ms. Bruno suffered the damages alleged above. The State of Nevada is liable for Defendant Knight's conduct pursuant to NRS 41.031(1).

**FIFTH CLAIM FOR RELIEF**

**Abuse of an Older Person — NRS 41.1395**

**(Against Defendant Knight and Defendant State of Nevada ex rel. Nevada Department of Agriculture)**

43. Plaintiff realleges and incorporates the foregoing paragraphs.

44. Ms. Bruno, born November 12, 1949, was at all relevant times an "older person" within the meaning of NRS 41.1395(4)(d), and Defendant Knight knew her age at all relevant times.

45. Defendant Knight's willful and unjustified procurement of Ms. Bruno's arrest, jailing, and prosecution on a charge he knew the State had declined and resolved,

accomplished by concealment of material facts from the issuing magistrate, inflicted pain, injury, and mental anguish upon an older person, constituting abuse within the meaning of NRS 41.1395(4)(a)(1).

46. Pursuant to NRS 41.1395(1), Defendants are liable for two times the actual damages incurred by Ms. Bruno. Defendant Knight acted with recklessness, oppression, and malice, entitling Ms. Bruno to her attorney's fees and costs pursuant to NRS 41.1395(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. On the First Claim for Relief, against Defendant Knight individually, compensatory damages according to proof, punitive damages, and attorney's fees and costs pursuant to 42 U.S.C. § 1988;

b. On the Second Claim for Relief, against Defendant Knight individually, full compensatory damages according to proof and punitive damages, to the extent permitted by law;

c. On the Third, Fourth, and Fifth Claims for Relief, against both Defendants, compensatory damages according to proof;

d. On the Fifth Claim for Relief, double damages pursuant to NRS 41.1395(1) and attorney's fees and costs pursuant to NRS 41.1395(2);

e. Prejudgment and postjudgment interest as allowed by law;

f. Costs of suit;

g. Attorney’s fees as otherwise permitted by law.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable, including the special verdict required by NRS 41.0348.

Dated: Sep 17, 2026

By: /s/ Luke Busby, Esq.

Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*